**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN WILSON BALDWIN,** | : | CIVIL NO. 1:CV-04-2786 |
| **Petitioner,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **SCI DALLAS,** | : | |
| **Respondent** | : | |

### ORDER

Petitioner, John Wilson Baldwin ("Baldwin"), an inmate presently incarcerated in the State Correctional Institution at Dallas, Dallas, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking convictions imposed by the Court of Common Pleas for York County. Although a timely response was filed by respondents, the timeliness of the petition was not addressed. Therefore, the Court raises *sua sponte* whether the statute of limitations bars consideration of the petition. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005). The parties will be granted the opportunity to address the issue.

I. Background.

In York County Court of Common Pleas case No. 852 C.A. 1998, Baldwin was charged with delivery of drugs. (Doc. 14-15). In case No. 1962 C.A. 1998, he was charged with two counts of possession of drugs with intent to deliver. (Doc. 14-16). On September 1, 1998, Baldwin entered pleas of guilty to the delivery of drugs charge, and to two counts of possession of drugs with intent to deliver. He was immediately sentenced to a term of incarceration of three to six years on the delivery of drugs charges, nine to eighteen years on the first count of possession of drugs and a concurrent term of incarceration of three to six years on the second count. (Doc. 14-16, pp. 1-2). No direct appeal was filed in either case. ( Id.)

On September 8, 1999, Baldwin simultaneously filed Post Conviction Relief Act (PCRA)

petitions in case Nos. 852 C.A. 1998 and 1962 C.A. 1998. (Doc. 14-15, 14-16). However, on March 27, 2000, the petitions were withdrawn. (Id.) Baldwin again filed petitions in these same cases on February 21, 2001. (Docs. 14-15, 14-16). On April 20, 2001, the petitions wee dismissed without prejudice to Baldwin to re-file them at a later date. (Id.) No further petitions were filed in either case.

On December 8, 1999, Baldwin filed a PCRA petition in a 1988 case alleging that he was entitled to retroactive relief because his plea of guilty was in violation of the Pennsylvania Corrupt Organization Act. In December 2000, the PCRA petition was granted. (Docs. 14-6, 14-7). However, the opinion was vacated in December 2001 as the Superior Court concluded that the lower court lacked jurisdiction to grant relief because Baldwin's petition was untimely. (Doc. 14-10). Baldwin filed a petition for allowance of appeal, which was denied. (Doc. 14-14).

The present petition was filed on December 23, 2004. (Doc. 1).

II. Discussion.

Section 2244 establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. §2244(d)(1). Section 2244(d)(1) states that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court." Under §2244(d)(1)(A), the limitations period begins to run from the date on which the judgment became final by the issuance of a final decision on direct appeal, or by the expiration of the time period for seeking such review. Id.; see Morris v. Horn, 187 F.3d 333, 337, n. 1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

In the case *sub judice*, the period of time for filing a habeas corpus petition commenced when the time for filing a direct appeal expired, *i.e.*, thirty days after September 1, 1998, the date on which the sentencing order was entered. PA.R.A.P. 903(a). Accordingly, the limitations period began to run

on or about October 1, 1998, and Baldwin had until October 1, 1999, to file his 2254 petition.

In computing the one year period, the time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. §2244(d)(2). The limitations period was tolled on September 8, 1999, when Baldwin filed his PCRA petitions. However, the period commenced again on March 27, 2000, when Baldwin withdrew the petitions. At this point, Baldwin had approximately twenty-three days remaining to file his federal petition. The PCRA petitions filed in February 2001, came too late to toll the statute, and Baldwin did not file his federal petition until over four years later. Further, the December 1999 PCRA petition could not operate to toll the statute as it was for a different conviction, and, even if it were for the same conviction, since it was deemed untimely, it was not properly filed and therefore, could not toll the statute.

A district court has the authority in 2254 proceedings to raise the statute of limitations *sua sponte* after a respondent has filed an answer. However, the petitioner must be given notice of the court's intent to deny the petition on limitations grounds and be afforded an opportunity to respond to the court's analysis. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005). Based on the above, the court intends to deny the petition as untimely.

III. Order.

**AND NOW**, this 14th day of February 2006, **IT IS HEREBY ORDERED THAT**:

1. Respondents are to file a supplemental response on or before February 22, 2006, addressing the statute of limitations and whether the petition is timely.

2. Petitioner is afforded until March 3, 2006 to file a supplemental traverse.

          S/ Yvette Kane
Yvette Kane
United States District Judge